In re WHITNEY et al.

District Court, S. D. New York.

April 6, 1940.

Maclay, Lyeth & Williams, of New York City (Charles Dickerman Williams, of New York City, of counsel), for respondent Mrs. Elizabeth Moran Morgan.

Mudge, Stern, Williams & Tucker, of New York City (George L. Trumbull, Randolph H. Guthrie, and Jesse G. Heiges, all of New York City, of counsel), for Joseph Lorenz, trustee.

HULBERT, District Judge.

On or about March 8, 1938, the members of the firm of Richard Whitney & Co., stock brokers, were adjudged bankrupts, individually and as copartners. Joseph Lorenz, Esq., was appointed Receiver and thereafter elected Trustee in Bankruptcy of said bankrupts *individually* and as copartners, and duly qualified as such.

An order of this court dated March 12, 1938, extended the Receivership of Mr. Lorenz to cover the property of the individual bankrupts and authorized him to take possession of all of the assets of said individual bankrupts, and further contained injunctive provisions, inter alia, restraining: "* * * the suing out of any court, of any writ, process, summons, attachment, replevin, execution, or any other proceeding for the purpose of impounding or taking possession of or interfering with any property owned by or in the possession of any of said bankrupts * * * until the further order of this court."

Among the assets claimed by the Trustee is the right of the bankrupt Edwin D. Morgan, Jr., to receive the excess income over and above $5,000 per annum payable to his mother, Elizabeth Moran Morgan, during her lifetime pursuant to a trust agreement and the entire income in the event that she predeceases him, and the corpus of the trust upon the death of the survivor in the contingency that provision for its disposition is not made by will.

On November 2, 1933, the bankrupt Morgan, Jr., and Elizabeth Moran Morgan, his mother, entered into an agreement whereby Mrs. Morgan agreed to sell and convey to her son 9 shares of Class B stock of Wheatly Land Corporation for the consideration of $9,000 in cash and the creation of a trust which was established by an agreement bearing same date, between Morgan, Jr., therein designated "The Grantor" and Fiduciary Trust Company of New York, hereinafter called "Fiduciary" as Trustee.

In accordance with the terms of the trust agreement, Morgan, Jr., transferred cash and securities having a then total value of approximately $140,000 to Fiduciary. The trust agreement further provided:

"During the life of Elizabeth Moran Morgan, the net income from the trust fund, if any, in excess of $5,000 per annum for the calendar year 1934 or any subsequent calendar year, shall be paid to the Grantor so long as he shall live * * *.

"From and after the death of Elizabeth Moran Morgan, if she shall die before the Grantor, the entire net income from the trust fund shall be paid to the Grantor so long as he shall live, in monthly installments, as may be arranged.

"Upon the death of the survivor of the Grantor and Elizabeth Moran Morgan, the Trust shall terminate and the Trustee shall pay over and deliver the then principal of the trust fund to such

person or persons and in such proportions as the Grantor shall appoint by will admitted to probate, and, to the extent that the Grantor shall have failed effectively to exercise such power of appointment, to such person or persons as would have taken, and in such amount or amounts as such person or persons would have taken, had the Grantor then died the owner thereof, intestate and a resident of the State of New York."

The income alleged to have been received by Fiduciary from said trust is as follows:

| | |
|---|---|
| 1934 | $4,606.77 |
| 1935 | 6,208.59 |
| 1936 | 7,148.55 |
| 1937 | 8,003.01 |
| 1938 | 6,687.05 |
| 1939 | 6,008.73 |

The sum of $5,000 was paid to Mrs. Elizabeth Moran Morgan during each of said years, and prior to bankruptcy the income in excess thereof, to-wit, from 1935 to 1937, inclusive, was paid to Morgan, Jr.

The administration of the estates of the bankrupts has, no doubt, been a laborious task.

After a series of conferences between counsel and a 21-a examination of the bankrupt Morgan, Jr., who had, meanwhile, moved to Cecilton, Maryland, the Trustee gave notice on January 18, 1940, of his intention to bring an action in this court for a construction of the trust agreement dated November 2, 1933 and, in fact, exhibited to opposing counsel a draft of the proposed complaint. Later on the same day, a summons and complaint, verified January 16, 1940, were served upon the Trustee in an action brought in the New York Supreme Court, Nassau County, by Mrs. Morgan, the mother, and Fanny B. Morgan, the wife of the bankrupt Morgan, Jr., against the Fiduciary Trust Company of New York, and others, including the Trustee in Bankruptcy, but no permission was ever obtained from this court to include him as a party defendant therein. Two causes of action were alleged in the complaint in said State court action:

1. For an accounting from Fiduciary Trust Company of New York with respect to the administration of said trust, and

2. For a determination of the rights of the Trustee in Bankruptcy of said Morgan, Jr., with respect to the income from said trust and also with respect to the principal thereof.

This motion is brought on by the Trustee in Bankruptcy to stay the prosecution of that action in so far as it seeks to determine the rights of the Trustee in Bankruptcy with respect to the trust created by said agreement dated November 2, 1933, pending the trial of the action brought by the Trustee in this court.

The principal question, which counsel argued before me orally and discuss in their briefs, is whether the res is here or in the State court. I do not consider that to be the determining factor. The estate of the bankrupt Morgan, Jr., so far as the trust income (and principal) are concerned, is entirely in futuro, although potential, and whether the Trustee will ever be entitled to anything is dependent:

1. Upon the amount of income, if and when earned, received and available for distribution in excess of $5,000 during the lifetime of his mother;

2. The entire net income if he survives her;

3. The contingency of intestate distribution of the property as provided in said agreement, and

4. The applicability of Section 793 of the Civil Practice Act of the State of New York, enacted in 1935 and amended in 1937, which provides: "Notwithstanding the provisions of sections six hundred and eighty-four and six hundred and eighty-five of this act [under which, inter alia, the income from trust funds may be garnished], the court may order the judgment debtor to pay to the judgment creditor or apply on the judgment, in installments, such portion of his income, *however or whenever earned or acquired, after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him,* as well as any payments required to be made by the judgment debtor to other creditors under the aforesaid sections." (Italics mine.)

The Trustee, of course, represents all creditors of the bankrupt and stands in the same relationship as a judgment creditor, and when bankruptcy has intervened it is for this court to determine what proportion of the income

"however or whenever earned or acquired, after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him" is available for his creditors.

█ The motion enjoining the plaintiff from prosecuting the action in the State Court, in so far as the second cause of action is concerned, is granted. It is unnecessary for me to consider the question whether the injunction contained in the order of this court dated March 12, 1940, has been violated, technically or otherwise. Settle order.